UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | |
|---|---|
| HARRIS CORPORATION, <br> 1025 West NASA Blvd. <br> Melbourne, FL 32919 <br>    Plaintiff, <br><br> v. <br><br> JACQUELINE HAMRICK <br> 22530 Sweetleaf Lane <br> Gaithersburg, MD 20882 <br> (Montgomery County, Maryland) <br><br> And <br><br> KLIMASKI & ASSOCIATES, P.C. <br> 1625 Massachusetts Ave NW, Suite 500 <br> Washington, D.C. 20036 <br><br> Serve on: <br> J.E. McNeil, Registered Agent <br> 4614 Wisconsin Avenue, N.W. <br> Washington, D.C. 20016 <br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.:_____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR INTERPLEADER

Plaintiff Harris Corporation ("Harris"), by and through undersigned counsel, brings this statutory interpleader action pursuant to 28 U.S.C. § 1335, § 1397, and § 2361 against the Defendants Jacqueline Hamrick ("Hamrick") and Klimaski & Associates, P.C. ("Klimaski & Associates") and states as follows:

## JURISDICTION AND VENUE

1. Harris is an international corporation headquartered in Melbourne, Florida, at the address stated in the caption of this Complaint.

2. Klimaski & Associates is a law firm with its principal place of business in Washington, D.C., at the address stated in the caption of this Complaint.

3. Hamrick is a resident of Gaithersburg, Maryland, at the address stated in the caption of this Complaint.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1335 in that two or more claimants, of diverse citizenship, have claims or potential claims for the money in controversy, and the amount in controversy is in excess of $500.00.

5. Harris will deposit the money in controversy to the Clerk of Court upon entry of an Order by this Court allowing the deposit.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1397 because one or more claimants reside in this judicial district.

7. Nationwide service of process in this action is authorized pursuant to 28 U.S.C. § 2361.

## BACKGROUND

8. In December 2011, Hamrick, along with two other former Harris employees, brought suit against Harris. The lawsuit was styled: *Susan Engler, et al., v. Harris Corp.,* Civil Action No. GLR-11-3597.

9. Initially and for the majority of discovery, all three Plaintiffs were represented by Klimaski & Associates.

10. On or about September 20, 2013, Hamrick discharged Klimaski & Associates as her counsel. (*See Engler at al v. Harris*, GLR-11-3597, Dkt. No. 72).

11. On September 20, 2013, Hamrick's new counsel, Steven J. Hamrick, of The Hamrick Law Firm, entered his appearance. (*See Engler, et al. v. Harris*, GLR-11-3597, Dkt. No. 69).

12. On September 25, 2013, Hamrick and Harris reached a confidential settlement agreement ("Hamrick Settlement"), and her case was voluntarily dismissed with prejudice. (*See Engler, et al. v. Harris*, GLR-11-3597, Dkt. No. 76).

13. On October 8, 2013, Klimaski & Associates served upon Hamrick, her counsel, and Harris' counsel, a Notice of Statutory Lien for Attorney's Fees claiming entitlement to monies otherwise payable to Hamrick—up to $19,192.31—in connection with any settlement of claims in *Engler et al. v. Harris Corp.*

14. Harris is in possession of the settlement proceeds, and does not know to which of the Defendants, if any, it may safely pay the settlement proceeds.

15. Harris makes no claim to the payment to be made pursuant to the Hamrick Settlement.

16. Harris stands ready to pay into the Registry of this Court the full amount of the Hamrick Settlement.

**INTERPLEADER**

17. Harris realleges Paragraphs 1 through 16 as though fully set forth herein.

18. Harris reasonably fears that if it pays any amount to any of the Defendants claiming a right or interest in the settlement amount, it could be subject to duplicate liability for the same amounts from other Defendant.

19. Harris claims no right, title, or interest to the settlement amount.

20. Harris cannot determine which of the Defendants are entitled to the proceeds from the settlement, or the amounts to which any Defendant may be entitled.

21. Harris will deposit the full amount of the proceeds due Hamrick from the Hamrick Settlement into the Court registry, pursuant to 28 U.S.C. § 1335(a)(1), following entry of an Order by this Court allowing the deposit.

22. Harris is ready and willing to pay the proceeds from the Hamrick Settlement to the Court in order that the Court may determine what amounts should be paid to whom. Harris has no interest in the sums of money at issue.

WHEREFORE, Harris respectfully requests this Court order Defendants to:

A. Interplead and to resolve among themselves their respective rights and claims to the settlement payments without further involvement by Harris and direct the Defendants to plead and pursue claims;

B. Enjoin and restrain the Defendants, their agents, attorneys, and/or representatives from instituting and/or prosecuting any action in any State or United States court for the recovery of the proceeds, or any part thereof, of the Hamrick Settlement;

C. Direct the Clerk of this Court to deposit the sums due Hamrick pursuant to the Hamrick Settlement in the Registry of the Court to be invested in accordance with the practice of the Registry and to be held therein subject to further Order(s) of the Court;

D. Fully and finally discharge Harris from all further liability by reason of its payment into the Registry of this Court of the due and owing settlement proceeds; and

E. For such other and further relief that this Court deems just.

| | |
|---|---|
| Dated:  October 9, 2013 | Respectfully submitted, |
| | HOLLAND & KNIGHT LLP |
| | **/s/** |
| | Lynn E. Calkins, Bar No. 12121 |
| | Adrianna Rodriguez, Bar No. 30245 |
| | 800 17th Street, N.W., Suite 1100 |
| | Washington, D.C. 20006 |
| | Telephone: (202) 955-3000 |
| | Facsimile: (202) 955-5564 |
| | E-mail: lynn.calkins@hklaw.com |
| | E-mail: adrianna.rodriguez@hklaw.com |
| | *Counsel for Harris Corporation* |